## COURT OF APPEALS.

SARAH GOULD, Executrix, &c., respondent, agt. HENRY M. BENNETT, appellant.

*Where an issue of fact in a foreclosure case should be tried.*

An action to foreclose a mortgage upon real estate, unless referred for trial, is triable at a special term, in the county where the premises are situated only.

The judge who holds the special term has no authority to adjourn the trial to his chambers in another county. And where the trial is partially had in the latter county, it does not cure the error for the judge to adjourn the proceedings back to the special term in the former county for further trial and decision.

APPEAL from a judgment affirming a special term judgment rendered in a mortgage foreclosure case.

*Joseph D. Fay*, for appellant.

*P. L. McClelan*, for respondent.

*Per Curiam.* — This was an action for the foreclosure of a mortgage upon real estate, situate in the county of Westchester. An issue of fact was joined by the complaint and answer. This, unless the cause was referred for trial, was triable at a special term, in the county of Westchester only (*Code, sec.* 323). The judge holding the special term in Westchester county, at which this cause was upon the calendar for trial, adjourned the same to his chambers, in Brooklyn, in the county of Kings. At such adjourned term the plaintiff moved the case for trial in Brooklyn. The counsel for the defendant objected thereto, on the ground that the case could only be tried in the county of Westchester. The

judge overruled the objection and proceeded to the trial, to which the counsel for the defendant excepted. The counsel for the plaintiff insists that this was authorized by the amendment to section 24 of the Code, providing that special terms may be adjourned to be held at a future day at the chambers of any justice of said court residing within the district, by an entry in the same manner, and then adjourned from time to time, as the justice holding the same shall order and direct. The position cannot be sustained. It was not the intention of the amendment to transfer the trial of local cases to other and perhaps distant counties to which the term might be adjourned, but to facilitate the transaction of such business as might have been done in the county to which the term was adjourned, at a term originally appointed to be held there. This has been so held by this court in a case not reported.

The counsel for the plaintiff further insists that the error was obviated for the reason that the judge, after partly trying the case in Brooklyn, by taking a part of the testimony, adjourned the further proceedings in the trial to a special term thereafter to be held in the county of Westchester, at which further testimony was taken, and the judgment given. This, so far from obviating unless consented to, was an additional error.

The court has no more authority to require parties without their consent to go with their witnesses from county to county, partially trying the case in each, in cases triable by the court without a jury, than it has in cases triable by jury, and to require the jurors to attend out of their county. The judgment must be reversed and a new trial ordered upon this ground.

An examination of the questions made upon the merits is omitted, for the reason that it clearly appears that the facts from which they arise may be varied upon a retrial.

All concur.